Kenan Gultekin, Cal. Bar No. 267562
KG LAW SD, APC
427 C Street, Suite 306
San Diego, CA 92101
Telephone: (619) 255-7549
kglaw1434@gmail.com

Attorney for
NEIL DAVID BIAFORE

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
(HON. STEPHEN V. WILSON)

| | |
|---|---|
| ALEX MOSTOVOI, PRO SE,<br>Plaintiff,<br><br>v.<br><br>NEIL DAVID BIAFORE,<br>Defendant. | Case No. 25-cv-03157-SVW-AYP<br><br>DEFENDANT BIAFORE'S REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS COMPLAINT, MOTION FOR PROTECTIVE ORDER, AND MOTION TO STRIKE |

## I. INTRODUCTION

Plaintiff's First Amended Complaint does not cure the Complaint's pleading deficiencies. It provides a more detailed timeline of Plaintiff's investment, but it is still based on speculation. Startup companies are inherently risky investments because no one knows how the rollout of the business will occur. Even well-established companies fall short of their own expectations and deadlines. Plaintiff is an attorney and a seasoned investor and chose to make an investment based on limited information, not on false information.

## II. ARGUMENT

**A. Settlement negotiations are irrelevant to the motion to dismiss and should be disregarded.**

Evidence of compromise offers and negotiations is not admissible either to prove or disprove liability of a claim, or to prove or disprove the validity the claim, or to prove the amount of a disputed claim. Fed R. Evid. 408. Statements made in negotiations are inadmissible because they may be motivated by a "desire for peace" rather than a concession on the merits, and because public policy favors full and open disclosure to encourage settlement. *United States v. Contra Costa County Water Dist.*, 678 F.2d 90, 92 (9th Cir. 1982).

**B. The amended complaint is still based on forward-looking statements, opinions, and puffery.**

The amended complaint fails to plead fraud with the required particularity because it does not explain why the statements were false when made. The amended complaint makes more clear Plaintiff's legal theory that Biafore must have known the lockers were not going to be installed on schedule and that the investment commitments were going to fall through, but the theory is still based on speculation. There are no concrete facts to explain *why* Biafore knew the statements were false when he made them. Optimistic statements about sales growth do not support a strong inference of scienter. *Ronconi v. Larkin*, 253 F.3d 423, 430 (9th Cir. 2001).

The locker installation timelines were forward-looking statements, particularly because they were premised on predictions about the company's future growth and expansion prospects. *Police Ret. Sys. of St. Louis v. Intuitive Surgical, Inc.*, 759 F.3d 1051, 1058 (9th Cir. 2014) ("[G]rowth and revenue projections . . . are forward-looking on their face" and not actionable). The First Amended Complaint does not show defendant knew these timelines were impossible when

made. Plaintiff argues there is no way that investments can fall through in 60 days or that software code could not be fully developed in 60 days and the only logical inference is that Defendant knew the statements were false. Plaintiff ignores the reality that startup executives are eternally optimistic about their business plans, that deals routinely fall apart in the span of 60 days, and that a new business which was combining hardware (lockers) with software (AI logistics) would have setbacks on multiple levels.

The statements about valuation were opinions, and the statements about retailer relationships were puffery. *Macomb Cnty. Emps. Ret. Sys. v. Align Tech.*, Inc., 39 F.4th 1092, 1099 (9th Cir. 2022) ("professional investors and most amateur investors as well, know how to devalue the optimism of corporate executives"). The statements are not actionable, and Plaintiff was not justified in relying on opinions and puffery. Even most amateur investors know they should take optimistic projections with a grain of salt.

**C. The purpose of the order to strike and the protective order is to remove confidential information from publicly available sources, not to "destroy evidence."**

At this point, the defense is not litigating what evidence will be admitted at trial and available for the jury to consider. The motions to strike and for a protective order are attempts to maintain the confidentiality of certain documents. The footer of QwikLocker promotional material explicitly states: "QwikLocker Company Proprietary & Confidential."

**D. Adding the employment claim fundamentally altered the complaint, but Plaintiff did not sue the proper entities or allege sufficient facts.**

Plaintiff tacked on an employment claim but did not sue the company or explain what work he did. Plaintiff argues that Defendant Biafore "chose to sue and respond *strictly in his individual capacity*." Pl's opp'n at 5, ECF Doc. 35 [emphasis in the original]. To the contrary, Plaintiff chose to sue Defendant Biafore and not the company who employed Plaintiff. It is clear Plaintiff sued Biafore for acts as

the founder, CEO, and board member of the company; it is not clear why Plaintiff neglected to sue the company. If it was simply a mistake, the error could be cured by amending the complaint and issuing a new summons for the company; if it was tactical, Plaintiff must choose whether to pursue the employment claim by suing the company or to drop it.

## III. CONCLUSION

For the foregoing reasons, Defendant Neil David Biafore respectfully requests that this Court dismiss the First Amended Complaint with prejudice.

DATED: Respectfully submitted,

*/s/ Kenan Gultekin*

**KENAN GULTEKIN**
Attorney for Neil David Biafore